## Otis Goff *vs.* The Inhabitants of Rehoboth.

The plaintiff, having a bill against the town of R. for labor as a blacksmith, in the form of a running account containing charges from day to day, presented the same for payment in March, 1843, and it was read by the moderator to the town at the annual town meeting, in that month, and referred by the town to the selectmen: In January, 1844, the plaintiff presented a second bill to the selectmen for payment, which included all the charges contained in the first, together with other similar charges for labor, and sundry charges for rent: The selectmen, agreeably to the usage of the town, passed upon the bill, and having disallowed the charges for rent, drew their order on the treasurer for the residue, and left the same for payment with the treasurer, who soon after met the plaintiff in the street, and informed him of the proceedings of the selectmen, and that the amount allowed by them on his bill was ready for him: In an action to recover the amount of the charges for labor in the second bill, with interest, it was held: (1) that the plaintiff's claim was not of such a nature as to carry interest, unless there was a contract therefor, either express or implied, or unless the defendants were wrong-doers; (2) that there was no such demand by the plaintiff, and refusal by the defendants, as would render the defendants liable for interest; and (3) that the proceedings of the selectmen, and the notice given by the treasurer to the plaintiff, though not a technical tender, were such an offer of payment as would prevent the subsequent accruing of interest, by way of damages.

A demand of payment, to lay the foundation of a claim for interest, must be a separate demand of a debt or sum, which is afterwards proved or admitted to be due, and not a demand for such a debt or sum, together with another, which is afterwards proved or admitted not to be due.

THE plaintiff brought this action against the defendants, to recover the amount of an account annexed to the writ, containing charges for blacksmith's work, $24·67; for rent of a certain meeting-house, $40 ; and for interest, $5·33. The writ was dated October 9th, 1844. The trial was before *Ward,* J., in the court of common pleas.

It appeared, on the trial, that the plaintiff had a bill against the defendants, which was read by the moderator at the annual meeting ·of the defendants, on the 6th of March, 1843, and it was voted thereupon to leave it with the selectmen. The charges for work on this bill amounted to $18·60.

In January, 1844, the plaintiff presented a second bill to the selectmen for payment. This bill included all the charges contained in the first, with additional charges for work, and the charge for rent, and is the same with the account annexed to the writ, except that it contained no charge for interest.

It appeared, that it was the usage in Rehoboth, when a bill was presented for payment, for the selectmen to pass upon it; if they approved the bill, they drew an order on the treasurer for the amount to be paid, and left it with the town treasurer ; and the creditor then called on the treasurer for payment. In the case of the plaintiff's bill, the selectmen, on the 13th of April, 1844, having disallowed the charge for rent, drew an order on the treasurer for the payment of the other charges therein, amounting to $24·67, and left the same with the treasurer, who met the plaintiff soon after in the street, and informed him that $24·67 of his bill was ready for him. To this the plaintiff made no reply.

On the 4th of December, 1844, after the commencement of this action, the defendants tendered the plaintiff the sum of $26·64, for the charges of blacksmith's work, and the further sum of $5·57, for his costs to that time, and these sums were brought into court on a plea or specification of tender.

It was agreed, that the charges for blacksmith's work were proved, and that the charge for rent could not be recovered. The only question was, whether the defendants had tendered

enough, and this depended upon the amount of interest which the plaintiff was entitled to recover.

The defendants requested the court to instruct the jury, that there was no evidence of such a demand as would entitle the plaintiff to interest; that the notice given by the treasurer to the plaintiff, that he was ready to pay him $24 67, was a tender for the purpose of stopping interest; that the present-ment of the second bill was an absolute waiver in law of all claim to interest on the first; and that if the amount tendered for the debt, with that tendered for the costs, making together the sum of $32·21, was in the gross more than sufficient to cover the whole amount of the plaintiff's bill and costs, the defendants were entitled to a verdict.

The court instructed the jury, that there was evidence for them to consider, tending to prove a demand by the plaintiff, on or before the 9th of March, 1843; that the notice of the treasurer, that he was ready to pay the plaintiff $24·67 of his demand, was not such a tender as would necessarily stop the interest, if any had begun to accrue; that the presentment of the second bill was not, of itself, an absolute legal bar to the claim for interest, but was strong evidence of a waiver, which the jury should consider; and that the sums tendered respectively for debt and for costs must be considered sepa-rately, having been separated in the tender and in the plead-ings, and could not be put together into one gross sum, for the purpose of defeating the plaintiff's claim.

The jury returned a verdict for the plaintiff, and the de-fendants thereupon filed exceptions.

*N. Morton*, for the defendants.

1. In order to entitle the plaintiff to the interest which he claims, he should have proved a demand and refusal, or that the amount due was liquidated. *Walden* v. *Sherburne*, 15 Johns. 409; 1 Am. Leading Cases, 341; *Reid* v. *Rensselaer Glass Factory*, 3 Cow. 387; *Rensselaer Glass Factory* v. *Reid*, 5 Cow. 587; *M'Ilvaine* v. *Wilkins*, 12 N. H. 474.

2. The tender was sufficient to stop the running of inter. est. *Hubbard* v. *Charlestown Br. R. Co.* 11 Met. 124; *Ori-*

*ental Bank* v. *Tremont Ins. Co.* 4 Met. 1; *Fitzgerald* v. *Caldwell*, 2 Dall. 215, and 1 Yeates, 274; *Dent* v. *Dunn*, 3 Campb. 296; *Suffolk Bank* v. *Worcester Bank*, 5 Pick. 106; *Delaware Ins. Co.* v. *Delaunie*, 3 Binn. 295; *Wallace* v. *M'Connell*, 13 Pet. 136.

3. Presentment of his bill, by the plaintiff, without a demand of interest, was a waiver. *Dixon* v. *Parker*, 1 Esp. R. 110; *Tillotson* v. *Preston*, 3 Johns. 229; *Hodgdon* v. *Hodgdon*, 2 N. H. 169; *Smith* v. *Shaw*, 2 Wash. C. C. 167; *Dezell* v. *Odell*, 3 Hill, 215; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480.

4. If enough, in the aggregate, was tendered and brought into court, the defendants were entitled to a verdict.

*T. D. Eliot*, for the plaintiff, as to the first point, referred to *Dodge* v. *Perkins*, 9 Pick. 388; *M'Ilvaine* v. *Wilkins*, 12 N. H. 474; *Gaylord* v. *Van Loan*, 15 Wend. 309; as to the second, to *Fuller* v. *Little*, 7 N. H. 535; *Sheredine* v. *Gaul*, 2 Dall. 190; *Sargent* v. *Graham*, 5 N. H. 440; *Breed* v. *Hurd*, 6 Pick. 356; *Brown* v. *Gilmore*, 8 Greenl. R. 107; *Benson* v. *Carmel*, 8 Greenl. R. 110; *Dickinson* v. *Shee*, 4 Esp. R. 67; as to the third, to *Hill* v. *Hobart*, 4 Shepl. 164, 168; *Rinehart* v. *Olwine*, 5 Watts & Serg. 163; *Smith* v. *Dennie*, 6 Pick. 262; and as to the fourth, to Rev. Sts. c. 100, § 16.

*T. G. Coffin* replied.

SHAW, C. J. The only question raised in this case is, whether the defendants were bound to pay more interest than they tendered and brought into court. It appears to us, that the case falls clearly within that class, in which interest cannot be recovered upon an open and running account, for work and labor, goods sold, and the like, unless there is some contract to pay interest, or some usage, as in the case of the custom of merchants, from which a contract may be inferred, or where the defendant is a wrong-doer in acquiring or detaining money. *Hunt* v. *Nevers*, 15 Pick. 500. The only recent case, which countenances the contrary doctrine, is the case of *Barnard* v. *Bartholomew*, 22 Pick. 291, and

that, we think, was founded on a special promise to pay a specific sum, capable of being made certain, on a particular day.

But, in the present case, there was no demand and refusal. In 1843, the plaintiff presented his account for services, and the town did not refuse payment, but referred it to the selectmen. The plaintiff did not apply to the selectmen, until a year after, and then presented his demand with additional items. The selectmen allowed all the charges on that bill, which the plaintiff now proves himself entitled to, and gave him notice of such allowance. But, further, in both cases, he presented another large demand, which he sued for, and has failed to establish. Perhaps the trial in this case was the new trial, which was ordered by this court in the action between the same parties, reported in 12 Met. 26. If this is the same case, the principal item in controversy, the demand for rent of the meeting-house, was sharply 'contested, and large costs were incurred ; and as to the real matter of controversy, the plaintiff was the failing party. If, in any case, a demand would lay the foundation for a claim of interest, it must be a separate and distinct demand for a debt or sum of money, which is afterwards admitted or proved to be due. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1; *Hubbard* v. *Charlestown Branch Railroad Co.* 11 Met. 124.

But, further, we are of opinion, that the notice given by the treasurer to the plaintiff, that $24·67, being the whole amount of his bill then demanded, except the contested claim on which the defendants prevailed, though not a technical tender, was such an offer as to prevent the accruing of interest by way of damages. *Suffolk Bank* v. *Worcester Bank*, 5 Pick. 106.

On both grounds, the court are of opinion, that the direction, given by the judge at the trial, was incorrect, and therefore that the verdict must be set aside, and a new trial had in this court.